UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

DMITRI ALI DAVIS,

      Plaintiff,        **MEMORANDUM OF DECISION
                    AND ORDER**
 -v.-                  04-CV-3987 (DRH)(MLO)

GAIL ENNIS, A.D.A., LLOYD DOPPMAN
SH# 195 S.C.S., and A. SGUEGLIA SH# 334
S.C.S.,

      Defendants.
_____

**Appearances:**

**For the Plaintiff:**
**DMITRI ALI DAVIS, PRO SE**
1014 N. Robinson Avenue
Apt. 2A
Oklahoma City, OK 73102

**For the Defendants:**
**Lorna B. Goodman**
**Nassau County Attorney**
One West Street
Mineola, New York 11501
By: Bernadette K. Ford, Deputy County Attorney

**HURLEY, District Judge:**

    Presently before the Court is the motion by defendants Assistant District Attorney Gail Ennis ("Ennis"), Detective Lloyd Doppman ("Detective Doppman"), and Detective A. Sguelia ("Detective Sguelia") (collectively, "Defendants") for summary judgment. For the reasons stated below, the motion is granted in its entirety and this case is dismissed.

## FACTUAL BACKGROUND

    The following facts are undisputed. Plaintiff was arrested by Nassau County Detectives Doppman and Sguelia on September 16, 1997, resulting in his plea to, and conviction

of, Sexual Abuse in the First Degree on March 17, 1998. Thereafter, on May 5, 1998, Plaintiff was sentenced to a term of three years incarceration. Neither Plaintiff's conviction nor his sentence has been overturned or modified by any appellate court.

Plaintiff filed the instant action on September 8, 2004. In his Complaint, Plaintiff alleges that he was subject to prosecutorial misconduct and a conspiracy between members of the Nassau County Police Department and the Nassau County District Attorney's Office, resulting in his wrongful conviction. Specifically, he alleges that he was deprived of a "felony exam . . . to examine the evidence to see if they had enough to indict [him] on a felony," he was deprived of his right to appear before the Grand Jury, and the detectives conspired with the District Attorney to bring criminal charges against him. (Compl. at 5-9.) He seeks a gubernatorial pardon, expungement of his criminal record, and monetary damages for the alleged violation of his Constitutional rights. (*Id.* at 9.)

In opposition to the instant motion, Plaintiff contests the authenticity of the victim's statement to the police, requests that the Defendants take a polygraph test, and asserts various allegations challenging the legitimacy of his conviction. In addition, Plaintiff has submitted multiple letters to the Court. Although these submissions were filed after the briefing on the present motion was complete, given Plaintiff's pro se status, the Court has reviewed them as well.

Defendants move for summary judgment arguing, inter alia, that Plaintiff's claims are barred by both the applicable statute of limitations and because they constitute an impermissible collateral attack on his conviction. Although the Court finds that Plaintiff's claims are not time-barred as they have not yet begun to accrue, the Court nonetheless finds that

Plaintiff's suit, which seeks to challenge the validity of his criminal judgment via a civil tort action, is impermissible under Supreme Court precedent. Accordingly, the case is dismissed.

## DISCUSSION

The statute of limitations for claims brought pursuant to 42 U.S.C. § 1983 ("Section 1983") in New York is three years. *Veal v. Geraci,* 23 F.3d 722, 724 (2d Cir. 1994); *see also Ormiston v. Nelson,* 117 F.3d 69, 71 (2d Cir. 1997) (explaining that Section 1983 claims are governed by the state statute of limitations for personal-injury actions). However, when that statute of limitations begins to run, i.e., when the cause of action "accrues," is governed by federal law. *See Ormiston*, 117 F.3d at 71; *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997). Under federal law, the accrual date for a Section 1983 claim is when "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pinaud v. City. of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995). "'[T]he proper focus is on the time of the [unlawful] act, not the point at which the consequences of the act become[ ] painful.'" *Eagleston v. Guido,* 41 F.3d 865, 871 (2d Cir. 1994) (quoting *Chardon v. Fernandez,* 454 U.S. 6, 8 (1981)).

Based on the foregoing, Defendants assert that Plaintiff's claims are time-barred because his claims arise out of his arrest, prosecution, and conviction, the latter of which occurred more than six years prior to the commencement of this action. The rules governing the limitations period for Section 1983 claims, however, are subject to the Supreme Court's analysis in *Heck v. Humphrey*, 512 U.S. 477 (1994), where the Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

3

>determination, or called into question by a federal court's issuance
>of a writ of habeas corpus.

*Id.* at 486-87. Thus, "where the viability of the plaintiff's claim depends on his conviction being invalidated, the statute of limitations begins to run upon the invalidation, not the time of the alleged government misconduct." *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (citing *Heck*, 512 U.S. at 489-90.[1] In such cases, a plaintiff's claim should be dismissed without prejudice because the suit may be reinstituted should the conviction be overturned. *Id.* However, *Heck* "does not require dismissal of any claim whose adjudication in favor of the plaintiff would not necessarily invalidate his conviction or sentence." *Jackson v. Suffolk County Homicide Bureau*, 135 F.3d 254, 256 (2d Cir. 1998) (citations omitted). Thus, "[a]pplication of these principles requires the court to examine the relationship between the criminal conviction and each of the plaintiff's civil claims." *Id.*

In the present case, each of Plaintiff's claims turns on the alleged existence of a conspiracy to prosecute Plaintiff based on inadequate or falsified evidence. These claims, if successful, would "necessarily imply the invalidity of [Plaintiff's] conviction." *Heck*, 512 U.S. at 487. Thus, Plaintiff's claims are not cognizable under Section 1983 and pursuant to *Heck*, are hereby dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted and this case is dismissed without prejudice. The Clerk of the Court is directed to close this

---

[1] In *Amaker*, the Second Circuit held that the principle established in *Heck* applied to claims under 42 U.S.C. §§ 1981, 1985(3), and 1986 as well. 179 F.3d at 51-52.

case.

**SO ORDERED.**

Dated: Central Islip, N.Y.
January 30, 2006

_____
Denis R. Hurley,
United States District Judge